BREAUX, C. J.
The facts upon which relator bases his application are that he wishes to obtain the care and control of his son, a young boy in his eleventh year.
His wife, the mother of the son, was on June 21, 1913, adjudged insane and sent to an asylum for the treatment of insane persons.
Relator was absent from the United States and on the Isthmus of Panama, where he was employed by the Isthmian Canal Commission as a chaplain of Ancon Hospital.
Upon hearing of his wife’s mental ailment, relator requested Mrs. John D. Fisher, an aunt of his wife, to receive and care for his son temporarily at her home; he was at the time at the home of George W. Garig. Mrs. Fisher informed Garig of the request made of her by relator, and asked for the child. His reply was that he intended to keep the child.
Relator having returned from Panama in July last, he in person called upon George W. Garig for his child. Garig refused to let relator have his child, and refused to let him go to the home of Mrs. Fisher to see his father.
On July 7th last relator called again on Garig, and again the latter refused to let relator have his son. The day following relator obtained a writ of habeas corpus from the district court of East 'Baton Rouge, directing the respondent Garig to show cause why he should not deliver the child. On July 18th relator appeared in court; the defendant before named was not present nor the child. There were criminal cases on the docket to be tried the same day; the court on that account postponed the hearing ,of relator’s application until 3 o’clock p. m.
At the time set for the hearing, the respondent appeared in court without the child, and filed his grounds. They were that, in the absence of relator from the United States the mother allowed the younger Carson to come on a visit to relatives, including respondent, and that on the 7th day of July, 1913, he left Baton Rouge and repaired to Denham Springs in an adjacent parish, where he still was. He denied that he had charge of the child at the time that the writ was served upon him, or since, or that he was detaining the child in any way.
Upon this return, relator chose to continue the writ indefinitely, the contention being-that, as the child was out of the jurisdiction of the court, it was his only recourse.
Relator charges that respondent Geo. W. Garig sent his child out of the jurisdiction of the Twenty-Second judicial district court in order to defeat the writ, and further, in substance, that if he were to file suit against Melville M. Garig in the Twenty-Fifth judicial district court for the parish of Livingsston, in which parish Denham Springs is situated, a return would be filed in all probability by Melville M. Garig, showing that the child had left the parish, and that similar returns would be filed were suit brought in any other parish, and that he would be thwarted from ever obtaining possession of his child.
Relator then sets forth that this court is the only court which has the authority to issué the writ to go forth to any of the par *723 ishes and thereby prevent the sending of the boy from one parish to another. Relator asserts his belief that there is a conspiracy between George W. Garig and members of his family in various parts of the state, whereby the child can be passed from the custody of a person in one judicial district to the custody of a person in another judicial district ad infinitum.
Another ground set forth by relator is that he is amply able to provide for his son and properly rear and educate him. The peculiarity of the case is urged as a reason for issuing the writ. He prays that the persons named by him, and all others who may have the child, be ordered to bring and produce the child in order that he may be restored to his father, the relator.
Upon the application the court issued a writ nisi, which was met by exceptions and answers of those expressly notified to answer. George W. Garig excepted on the ground the counsel for relator moved in the district court; that the case was continued indefinitely, and that an order was accordingly made by that court We are of the opinion, that as the cause involves the same persons and the same issues it should- first be tried and decided in the district court. In the alternative, this respondent averred that relator’s son is not now and was not in his possession or custody at the time of the service of the writ, nor at any time since the 7th day of July, 1913.
The wife of this respondent substantially corroborates the respondent, and, like him, denies that she had the child in her custody.
The defense of Melville M. Garig and wife is to the same effect; so is the answer of Mr. Cazedessus and his wife.
On the trial of the application to have the writ made peremptory there was before us no evidence further than the admissions in the pleadings. The respondents expressly deny that they have custody of the child.
As against George W. Garig the cause is pending before the district court before stated. This court will not assume jurisdiction of the cause; under repeated decisions the court which first became seized of jurisdiction will continue in the exercise of its jurisdiction unless there has been a miscarriage of justice. The cause can be heard by the court and the issues decided.
If there is a conspiracy or attempt at circumventing the law it can be brought to light in the court without the necessity on the part of this court of interposing its original jurisdiction.
The case Ex parte Ryan, 124 La. 2S6, 50 South. 161, is authoritative upon the subject.
After a review of the decisions, the court said that the Supreme Court may refer the application to the court of the first instance in order that the facts may be taken down and decision rendered, citing a number of decisions.
The case is already before the court; it is only necessary to leave it for the time being where it is, where parties are at liberty to present all the issues.
In State ex rel. Baumann v. Sheriff, 44 La. Ann. 1015, 11 South. 541, this court held that unless there should be special circumstances making direct action or intervention necessary or expedient, the action is not maintainable.
With reference to the other defendants who also deny that they have custody of the child, if they are parties to a conspiracy as alleged, it will appear in the cause pending before the district court; and, if there has been contempt of court committed, it will be time to take steps when the conspiracy will have been shown.
At this time we will not order that the writ be made peremptory as against them for non constat that the facts are not as alleged by them.
This is a hard case; a father is deprived *725 of his child under circumstances particularly sad. We will not lightly presume that any person had the child in his custody. -It should be an act contra legem which no one should commit.
If there are reasons — and there does not appear to be any — the father is unquestionably entitled to the custody of his child; it is worse than a crime for any one without authority to stand between father and child.
Learned counsel states in his argument, submitted in writing, that the court should take jurisdiction in order that justice may be done, which, if the court declines, will probably never be done. We feel confident that no court in the state would allow one who illegally and in tort retains a boy from the legitimate control of his father to go scot-free.
For reasons stated, the writ nisi is recalled and discharged, and relator’s application dismissed.