The opinion of the court was delivered by
Watkins, J.
The ease of the relator can be most concisely stated in the language of his counsel’s brief, from which we have made the following extract, viz.:
“ The facts as set forth in the application and shown by the certified copy of the record of the case, A. Cardona, Jr., vs. Wells-Fargo Express Co., J. J. Davidson, agent, on docket of R. B. Martin, justice of the peace, Third Ward, Lafayette parish, are that on or about the 2d May, 1896, a crate of strawberries was sent by ex *1250 press to Cardona, a resident of the town of Lafayette, from the railroad station, Iona, in the parish of Calcasieu; said property being valued at one dollar and fifty cents, express charges (thirty-five cents) to be paid by consignee on delivery; that on same day the strawberries were transported to Lafayette, and relator’s agent sent them to Cardona’s place of residence or boarding house, to be delivered to him by the porter of the office; that said employee was informed that the consignee, Cardona, was absent from the town and would not return for several days, and thereupon relator’s agent, Cardona having left no one with power to act for him, sold the goods, which were of an exceedingly perishable nature, for the best price obtainable (one dollar and five cents), and on the return of Cardona about the 8th May, tendered him the balance after deducting the charges of the express company, which amount Car-dona refused to receive, but instituted suit for the original cost price of the property and the additional sum of five dollars for attorney’s fees, in the Magistrate’s Court of Third Ward, Lafayette parish; and on the trial of the cause judgment was rendered for the two amounts, aggregating six dollars and fifty cents and costs, from which judgment no appeal will lie to the District Court.
“ The question that presents itself is, whether under Art. 90 of the Constitution this court can exercise control and supervision over the action of the justice of the peace of Ward No. 3 of Lafayette parish, under the state of facts shown by the record in this case. ’ ’
“It appears from the record that the agent, Davidson, appeared at the trial and defended the case so far as he was concerned. That he was authorized to represent the express company, his employer, is not conceded. The domicile of the Wells-Eargo Express Company in Louisiana is at Nos. 18 and 20 Union street, New Orleans. Cardona, the plaintiff in the case, sued the company in Ward 3, Lafayette parish, on a contract, by the terms of which the express company engaged and undertook to convey certain property from one place to another for a certain sum, or in the event of failure to perform its contract to pay a certain stipulated sum contained in the receipts and agreed upon by the parties as the value.
“ The action instituted by Cardona against relator was as to the principal claim — the value of the property expressed — based and founded on the contract, and not an action ex delicto.”
Again:
*1251 “ In the next place we complain that the judgment rendered by Mertin, Justice of the Peace, was arbitrary, unjust and without warrant of law.
“It was shown on the trial of this case that relator had complied with the terms of its contract, by transporting and offering to deliver the property to the consignee; that he was absent and would continue to be absent for nearly a week; that he left no agent to receive the freight; that the goods were of a perisha Re character — in fact, one box of the eight contained in the crate had, before receipt, become rotten and worthless and the remainder would become valueless in twenty-four hours.
‘'The agent of relator, in order to prevent the entire loss of the consignee’s property, sold the same before it had become utterly valueless, as it is shown that it would have done in one more day, and on consignee’s return, some days afterward, tendered him the proceeds of the sale, less express charges, to which the company was entitled.
“ Now, it is evident that consignee, Cardona, had no cause of action against relator and. any judge conversant with the law would have so held. Relator as a common carrier and mandatory of Car-dona had certainly ‘ fulfilled the trust confided to it in a manner more advantageous to the principal’ (Article 3011, C. C.) by disposing of the property for his benefit, rather than allow it to become utterly valueless.
“ The law authorizes the carrier to dispose of property under the circumstances existing in this ease.”
Finally:
“ Relator’s counsel make no contention that a corporation or individual can not be sued for any amount and for any legal cause in the courts established by the Constitution and laws of the State, but they do contend and strenuously urge that individuals can not be permitted to use the courts and forms of law for the purpose of enforcing a claim or cause of action fictitious, illegal and entirely unauthorized by justice, equity or the law of the State; to obtain and execute judgments in such' actions, unappealable in amount, and thus practically deprive the selected victim of both right and remedy.”
Per contra, the respondent represents that said proceedings are and were not null and void, but that his court had full and complete *1252 jurisdiction; and that, even if it was without jurisdiction ratione personae in the first instance, that question has been closed by the judgment, which was in said case pronounced against relator without protest or exception on its part — it having joined issue therein by answering to the merits.
He further avers that, in his opinion, the demand and judgment for five dollars as attorney’s fees were a proper allowance as “ punitive damages for the non-performance of said company’s contract of delivery as contemplated by law; and that the proceeding instituted in said case was, in no wise, for the purpose- of preventing relator from obtaining justice by an appeal.”
He further represents that, on the trial, the amount demanded was clearly established by the evidence.
A copy of the original record of the suit entitled A. Cardona, Jr., vs. Wells-Fargo Express Company, in the respondent’s court, has been produced and filed with the transcript in this cause.
That record shows that the defendant was duly cited and that he appeared and, through counsel, answered; and that the parties, plaintiff and defendant, were represented by their respective attorneys during the progress of the trial of said cause.
Judging from the physical appearance and size of the record and from the amount of testimony which is therein contained, the trial must have been An interesting and protracted one — the testimony having been reduced to writing pro et eon.
After having heard the testimony of the witnesses the respondent prepared his “ reasons for judgment,” signed and filed them in the record — stating, in extenso, what he deemed to be a fair synopsis of the evidence adduced at the trial.
Thereupon he rendered a formal judgment in favor of the plaintiff, decreeing him to have and recover of and from the defendant the sum of six dollars and ten cents, to-wit: one dollar and fifty cents as the value of one crate of strawberries and five dollars as attorney’s fees in lieu of actual and punitive damages.
Without taking into consideration the justice or correctness of the judgment rendered, we feel bound to affirm that rarely, if ever, a case has passed under our consideration, coming from any court of limited jurisdiction, which bears, so evidently, the impress of faithfulness and care as that to which we have just adverted; and in our *1253 ■conception of this court’s jurisdiction under the writ of cert ¡orar relator has not made out a case entitling it to relief at our hands.
Primarily, the province of that writ is to “ pronounce on the validity of a judicial proceeding. C. P. 828, No. 3; 855.
This writ is granted only in case ‘ ‘ the suit is to be decided in the last resort and where there lies no appeal by means of which proceedings absolutely void might be set aside,” etc. C. P. 857.
In giving an interpretation of this court’s supervisory power under Art. 90 of the Constitution to issue and maintain the writ of certiorari, it has frequently held that it can not be employed to inquire into the correctness of a judgment rendered when the forms of law have been followed and when the court had jurisdiction.
That the supervisory power of this court must not be confounded with its appellate jurisdiction. State ex rel. Matranga vs. Judge, 42 An. 1089; State ex rel. Valeton vs. Skinner, 33 An. 257; State ex rel. Block vs. Judge, 41 An. 179; State ex rel. Chandler vs. Judge, 43 An. 826; State ex rel. Wintz vs. Judge 32 An. 1225; State ex rel. Patton vs. Judge, 40 An. 393; State ex rel. Weber vs. Judge, 32 An. 1092; State ex rel. Insurance Company vs. Judge, 36 An. 316; State ex rel. Race vs. Judges, 37 An. 120; State ex rel. Wood vs. Judge, 38 An. 377; State ex rel. Liggins vs. Judge, 47 An. 1022; State ex rel. Morere vs. Judge, 44 An. 1100.
And in the recent case of State ex rel. District Attorney vs. Judge, 48 An. 787, all pertinent eases have been carefully collated.
These principles have been frequently applied to judgments rendered by justices of the peace, viz.: State ex rel. Unbehagan vs. Justice, 35 An. 365; State ex rel. Gooch vs. Justice, 38 An. 968; State ex rel. Waller vs. Justice, 47 An. 27; State ex rel. Broussard vs. Justice, 39 An. 776.
The authorities are all against the contention of the relator.
It is therefore ord.-red and decreed that the preliminary writ herein granted be set aside, and that the relief prayed for by the relators be refused at their cost.