BREAUX, O. J.
Alleging that he is the ■father and only surviving parent of Prances Elizabeth Ryan, a young girl 13 years of age, relator charges that Edward Peter, residing .at Chalmette, in the parish of St. Bernard, illegally confines and detains her without right or authority, by force and against his will.
He asks for a habeas corpus and for a judgment against Edward Peter ordering and ■commanding him to release Prances Elizabeth Ryan and surrender her to him.
He represents that he demanded his child; that Peter refused his demand.
We are not informed why it is that the application for a writ of habeas corpus'has not been made to the judge of the district ■court having jurisdiction.
The issues of fact should be made up before that court, and a decision rendered both .as to law and fact, whenever it is possible for the local court to do so.
If there is the least impossibility of any kind in this respect, we are not informed ■of it.
On an application for this writ, this court held that it would not grant it if a hearing could be had before a court of the first instance, and no good reason is given why application was not made to that court.
It is not alleged that there is anything making it urgent that the application be passed upon and decided by the Supreme Court.
The following decision is clearly in point: State ex rel. Bauman v. Sheriff, 44 La. Ann. 1015, 11 South. 541.
Applicant’s petition does not create the impression that there is necessity to adopt other than the usual steps in this instance.
Undoubtedly the court said in another case under ordinary circumstances the application ■should be addressed to the court of original jurisdiction.
“When the district judge is absent, the Supreme Court may issue habeas corpus.’ State ex rel. Condon v. Duson, 36 La. Ann. 855.
Views very similar were expressed in State v. McColley, 115 La. 406, 39 South. 81.
Again, the applicant has a right of appeal.
The constitutional expression is that the Supreme Court “shall have appellate jurisdiction only” in all matters “relating to custody of children.” Article 85.
In the cases of Prieto, 52 La. Ann. 631, 27 South. 153, 47 L. R. A. 656, and State ex rel. Lassere v. Michel, 105 La. 741, 30 South. 122, 54 L. R. A. 927, this court entertained jurisdiction on appeal under the above-cited clause of the Constitution.
Generally no appeal lies from an adverse decision in a habeas corpus case. It falls within the original jurisdiction of the court, and is not subject to review.
But in the present case the right of appeal is exceptional under a special clause of the Constitution before cited. The relator might appeal.
The court decided in several of the cited cases, although there was no right of appeal, that the application should be made to the local court. This case is stronger against the applicant than the cited cases, as there is a right of appeal.
Where there is a right of appeal, there should be no hesitation in referring the party to the court of original jurisdiction; for the complainant has the opportunity if he chooses to be heard on appeal in case of an adverse decision.
The court held in one of the cited decisions that the applicant for a habeas corpus could not select the time and place for the hearing, nor could he select his own tribunal as between the court of original jurisdiction and the appellate court.
See decisions cited supra.
Lastly, the Constitution says that the Supreme Court has “original jurisdiction as *289 may be necessary to enable it to determine questions of fact or it may remand the case.” Article 85.
By direct implication it may decline to bold an original examination and examine into facts as a court of original jurisdiction and refer the matter to a court of original jurisdiction, particularly where persons have the right of appeal.
Were this court to entertain original jurisdiction in all habeas corpus cases brought before it originally, it would be entirely overburdened with onerous labors. It is advisable to leave them, as far as possible, to be disposed of within the limits of their respective original jurisdiction.
Relator's demand will be dismissed, without trenching upon whatever right the relator may have to the writ.
It is therefore ordered, adjudged, and decreed that relator’s petition and demand are dismissed without prejudice.