DAWKINS, J.
Appellees move to dismiss this appeal on the ground that this court has no appellate jurisdiction in habeas corpus proceedings.
[1] This case is one involving the custody of a minor child. Plaintiffs claim the legal custody, and that defendants have forcibly taken and are now withholding said child without any color of lawful right or proceeding. It would seem that this court, under the circumstances, is specially vested with jurisdiction, under article 85 of the Constitution, giving the right to appeal to it in “all matters of adoption, emancipation, legitimacy, and custody of children.”
Counsel for plaintiff in motion has cited authority to the point that all the courts of this state are empowered, as a matter of original jurisdiction, to issue the writ of habeas corpus, and that, this power being equal or concurrent in each tribunal, there exists no right of appeal. However, those were cases dealing with the writ in its strict or literal sense, where the applicants were confined under some criminal charge, and the effect of the writ was merely to test the legality or sufficiency of the authority under which the person restrained was held. For this reason, the matter was merely preliminary to the subsequent trial, and it was found that in those circumstances there was no right of appeal.
However, in cases of the kind now under consideration, the child is not incarcerated, but the proceeding is invoked for the purpose of determining the question of its custody; the judgment is final, and, unless appealed from, may become res adjudicata as to the rights of the relators. The matter partakes of the nature of a civil action, and is therefore clearly distinguishable from the cases in which the applicants were held under a criminal prosecution. Prieto v. St. Alphonsus Convent of Mercy, 52 La. Ann. 681, 27 South. 153, 47 L. R. A. 656; State ex rel. Lasserre v. Michel, 105 La. 741, 30 South. 122, 54 L. R. A. 927; Ex parte Ryan, 124 La. 286, 50 South. 161.
For the reasons assigned, the motion to dismiss is denied.
O’NIELL, J., concurs in the decree.