(91 South. 443)

No. 25157.

STATE ex rel. DOWLING, Judge, v. RAY et al.

In re RAY.

(March 27, 1922. Rehearing Denied April 17, 1922.)

*(Syllabus by Editorial Staff.)*

1. Contempt ⬳66(1)—No right of appeal, unless clearly granted.

In the absence of constitutional or statutory provision for review, a court of record is the exclusive judge of a contempt committed against its authority and dignity, and while the Supreme Court under its general supervisory jurisdiction will review such proceedings for sufficient ground, the right of appeal does not exist, unless clearly granted.

2. Contempt ⬳66(1)—Constitution held to give no right of appeal.

While a contempt proceeding in the criminal district court is a criminal case, it is not within Const. 1921, art. 7, § 83, providing that in all cases tried in such courts in which an appeal does not lie to the Supreme Court, an appeal shall lie to two or more judges of the criminal district court.

3. Courts ⬳207(1)—Application for certiorari and prohibition properly made to the Supreme Court.

In view of the supervisory jurisdiction over the criminal district court conferred on the Su-

prcme Court by Const. 1921, art. 7, § 10, an application by one convicted of contempt in the criminal district court for a writ of certiorari to review the validity of the proceeding, and a writ of prohibition, prohibiting execution of the sentence, was properly made to the Supreme Court.

**4. Courts ⬡⤳209(2) — Immaterial whether proof of notice of intention be made by party or counsel.**

Supreme Court rule 16 (136 La. xii, 67 South. xi), requiring proof by affidavit of the petitioner, or, in case of his absence from the parish, of his attorney, that a notice of intention to apply to the Supreme Court for a writ of certiorari or review has been filed, refers to writs of review or certiorari to the Courts of Appeal, and not to the district courts, and under rule 15 (136 La. xii, 67 South. xi), applying to applications for remedial writs to be directed to the district courts, it is immaterial whether proof of the notice be made by affidavit of the applicant or by that of his counsel.

**5. Contempt ⬡⤳67 — Prohibition ⬡⤳12 — Request for suspended sentence not such acquiescence as defeated writs.**

A request by one convicted of contempt for a suspended sentence until later in the day, evidently to obtain time to apply for and procure from the Supreme Court preliminary writs of certiorari and prohibition, did not amount to an acquiescence in the sentence, requiring the dismissal of the application for such writs.

**6. Contempt ⬡⤳67—Prohibition ⬡⤳24, 26— Motion to dismiss and answer should be filed together.**

A proceeding on a writ of certiorari to review the validity of contempt proceedings and writ of prohibition to prohibit execution of the sentence is summary, and should not be tried by piecemeal, and defendant's motion to dismiss and answer should be filed at the same time.

**7. Pardon ⬡⤳4—Power to parole violator of city ordinance is in recorder's court, and not in criminal district court.**

Under Const. 1921, art. 7, § 83, relative to the original, appellate, and supervisory jurisdiction of the criminal district court, section 94, relative to the jurisdiction of recorder's courts, and Act No. 71 of 1918, relative to the release on bail or parole of prisoners, jurisdiction to release on parole prisoners arrested for violations of ordinances of the city of New Orleans is vested in the recorder, and not in the criminal district court.

Certiorari from Criminal District Court, Parish of Orleans.

Contempt proceeding by the State, on the relation of Richard A. Dowling, Judge, against Stanley W. Ray and others. The defendant named was found guilty, and he applies for writs of certiorari and prohibition. Judgment and sentence vacated, and defendant discharged.

Ivy G. Kittredge, City Atty., and Roland B. Howell, Asst. City Atty., both of New Orleans, for relator.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

OVERTON, J. Harry Aston and Philip Bloomfield were ·arrested by the police of the city of New Orleans for violating certain ordinances of that city, and were incarcerated in the First Precinct police station.

On the day following their arrest, Richard A. Dowling, judge of division C of the criminal district court for the parish of Orleans, issued an order for their release on parole, which order Ray and the police department refused to recognize. At that time no proceeding had been taken before the recorder's court, the court having original jurisdiction over Aston and Bloomfield, for their release on parole, nor had any appeal been taken in their cases to the criminal district court.

Ray, in his capacity as commissioner of public safety, had issued instructions to the superintendent of police not to recognize orders for parole issued by the judges of the criminal district court on charges for the violation of municipal ordinances, and when he and certain members of that department refused to comply with the order for· the release of Aston and Bloomfield, the judge of division C ruled them to show cause why they should not be punished for contempt.

On the trial Ray was found guilty and was

sentenced to 48 hours in jail. The others were acquitted.

Ray then made application to this court to review, by certiorari, the validity of the proceeding against him for contempt, and for a writ of prohibition ·directed to the judge of division C and to the criminal sheriff of the parish of Orleans, prohibiting them from executing the sentence imposed. The application was granted and made returnable on March 10, 1922.

On that day, the judge of division C filed a motion to dismiss, based upon four grounds each of which will be stated, in determining the issues presented, as it is reached.

[1, 2] The first is that an applicant for writs of certiorari and prohibition must exhaust all recourse before making the application; that the applicant, in this instance, has not done so, for the reason that under section 83 of article 7 of the Constitution of 1921 he had the right to appeal from the sentence imposed, to two or more judges of the criminal district court, and has failed to avail himself of that remedy.

This ground for dismissal cannot be maintained, for the reason that Ray had no such right of appeal, and, in fact, no right of appeal at all. In the absence of constitutional or statutory provision granting the right of review, a court of record is the exclusive judge of contempt committed against its authority and dignity. 13 C. J. p. 97, § 155. This court, by virtue of its general supervisory jurisdiction over all courts in the state, will review the validity of such proceedings, when sufficient ground exists therefor, and has repeatedly done so; but from the nature of the offense, which usually requires immediate punishment, in order to maintain the dignity and authority of the court, the right of appeal will not be held to exist, unless it be clearly granted. The respondent judge, however, points to the section of the Constitution mentioned above as granting that right. That section, in so far as it is necessary. to quote it at this time, reads:

"In all cases tried before the judges of the said criminal district court in which an appeal does not lie to the Supreme Court, and in cases tried before the juvenile court, an appeal shall lie on questions of law and fact to two or more of the judges of the said criminal district court, as may be prescribed by the said court; and the court shall adopt rules regulating the manner of taking and hearing and deciding said appeals."

By the same section of the Constitution, the judges of the criminal district court are vested with criminal jurisdiction alone, and the contention is that such a contempt as the one for which Ray was found guilty is a criminal contempt, and the case in which he was prosecuted a criminal case, and that the expression "all cases," used in the above-quoted constitutional provision, in granting the right of appeal, has reference to such a case, as well as to other criminal cases. This is plausible, but we do not think it so refers. While such a case is a criminal one, yet the expression, "all cases," does not refer to contempt proceedings, which are instituted under the inherent power of the criminal district court to protect itself and to accomplish the purposes for which it was created, but to those cases not appealable to this court, which the criminal district court was created to try, and in which each of the judges thereof is expressly vested with original jurisdiction, and which, at the time of the adoption of the Constitution, were and are still tried on bills of indictment and information.

[3] As a further reason why this application should be dismissed, it is urged that it should have been addressed to the court having appellate jurisdiction in cases appealed from the criminal district court. There are two such courts, the jurisdiction of each depending on the nature of the case or of the sentence imposed, one of which consists of

two or more judges of the criminal district court, and the other is this court, neither of which has appellate jurisdiction in such a case as the one here presented. The former has no supervisory jurisdiction over the criminal district court, whereas this court, by virtue of article 7, section 10, of the Constitution of 1921, has such jurisdiction. Hence the application was properly made to this court.

[4] The application is also excepted to on the ground that proof of notice of the intention to apply for the remedial writs herein was not made by affidavit of Ray, but by that of his attorney, which, it is averred, is not a compliance with rule 16 of this court. Rule 16 has reference to applications for writs of review or certiorari to the Courts of Appeal, and not district courts. Rule 15 applies to applications for remedial writs to be directed to district courts, and it is immaterial, under that rule, whether proof of such notice be made by affidavit of the applicant for the writs or by that of his counsel. 136 La. xii, 67 South. xi.

[5] The application is also excepted to on the ground that, prior to the granting of the rule nisi herein, Ray, at 3:15 p. m. on March 6, 1922, requested and received from the respondent judge a suspended sentence until 6 p. m. on that day, and thereby acquiesced in the judgment. It may be said that the application for the writs was made before the expiration of that time; and that the purpose, in requesting so short a suspension, was evidently to obtain time in which to make the application and procure the preliminary writs, so as to avoid incarceration, pending the preparation of the appplication, and its presentation to this court. The judge a quo evidently misinterpreted Ray's request, for it did not amount to an acquiescence, but, to the contrary, showed the opposite.

[6] In the event of the overruling of his motion to dismiss, the respondent judge has requested that he be allowed 15 days additional within which to answer. This proceeding is summary. It should not be tried by piecemeal. When the proceeding is one of that nature, the motion to dismiss and the answer should be filed at the same time. Shaw v. Howell, 18 La. Ann. 195; Dugue v. Levy, 115 La. 83, 38 South. 902. We see nothing in this case to cause us to depart from the general rule. Under such circumstances, there remains nothing to be done but to proceed to dispose of the case on its merits.

[7] On that phase of the case, the question to be determined is: Has a judge of the criminal district court the right to punish for contempt the commissioner of the department of public safety of the city of New Orleans for issuing instructions that the judges of the criminal district court were without authority to issue paroles for prisoners charged with violations of ordinances of the city, which instructions resulted in the refusal of the police department to recognize and execute written orders of one of said judges to release on parole two prisoners who have been arrested on such charges?

The power, in so far as it relates to judges and recorders, to release on bail, is conferred and regulated by Act 71 of 1918, and reads, omitting reference to the city criminal courts, which have been abolished and their jurisdiction vested in the criminal district court, as follows:

"That the judges of the respective district courts throughout the state, * * * and the recorders of the city of New Orleans, be and they are hereby vested with jurisdiction over any person or persons arrested for any crime, misdemeanor or offense, under and within their respective jurisdictions, from the moment said person is arrested and taken into custody by any sheriff, deputy sheriff, police officer, constable, or other person authorized by law to make arrests, viz.: Judges of the district courts shall have jurisdiction over persons arrested for crimes, misdemeanors or offenses

within the jurisdiction of the courts over which they preside; * * * and recorders of the city of New Orleans shall have jurisdiction over persons arrested for violations of city ordinances; and such judges and recorders shall have the power and authority to immediately release on bail, or in their discretion, parole or release said persons so arrested over whom they have jurisdiction as aforesaid."

Section 83 of article 7 of the Constitution of 1921 vests original jurisdiction in the criminal district court to try all crimes, misdemeanors, and offenses committed in the parish of Orleans, the jurisdiction of which is not vested in some other court, and section 94 of the same article vests jurisdiction to try offenses against city ordinances in the recorders.

It is therefore manifest that original jurisdiction in prosecutions for the violation of city ordinances is vested in recorders, and not the criminal district court. The purpose of the act of 1918 is to confer the power, to release on bail or parole, on the court having original jurisdiction, for the judges, who are granted the power by the act, are those having jurisdiction at the time of the arrest.

While section 83 of article 7 of the Constitution vests the criminal district court with appellate jurisdiction in cases originating in the recorders' courts, and also grants it "general and supervisory jurisdiction" over those courts, yet, there is nothing in those grants that authorizes the criminal district court to release a person on parole who has been arrested for the violation of a city ordinance, nor is there anything in them that takes away from the recorders this power, granted them by statute, and which properly pertains to the court having original jurisdiction. The grant of appellate jurisdiction authorizes the criminal district court to try cases on the record, as made up in the recorder's court, from which the appeal has been taken. The grant of "general and supervisory jurisdiction" authorizes it to correct such errors as may not be reached by appeal, and which are generally corrected by means of remedial writs, such, for instance, as the refusal to grant bond, or the requiring of excessive bond; but it does not authorize that court to take the step it did, which was virtually the exercise of original jurisdiction.

We therefore conclude that, when the judge of division C issued the order mentioned to the police, he exceeded his powers and jurisdiction; that the order was absolutely null and void; and that, when Ray, who, as commissioner of public safety, issued the instructions to the police which resulted in the refusal to recognize the order, he was not in contempt of court; and that the judge of division C was without power to punish him.

For the reasons assigned, it is ordered, adjudged, and decreed that said judgment and sentence for contempt be vacated and annulled, said Ray discharged, and that the writ of prohibition that issued herein be made peremptory.

Rehearing refused by Division B, composed of Justices O'NIELL, LAND, and BAKER.