(102 So. 593)

No. 26929.

STATE ex rel. GLASER v. VICKNER et al.

In re VICKNER et al.

(Jan. 5, 1925.)

*(Syllabus by Editorial Staff.)*

1. Habeas corpus ⬤━113(3)—Final judgment, involving custody of child, appealable, though judgment making writ of habeas corpus absolute is not.

Right of appeal exists, under Const. 1921, art. 7, § 10, from final judgment involving custody of child, though not from judgment making writ of habeas corpus absolute.

2. Habeas corpus ⬤━113(8)—Mandamus ⬤━57 (1)—Mandamus to compel grant of suspensive appeal from judgment making writ of habeas corpus absolute denied.

From judgment making writ of habeas corpus absolute, ordering defendant to deliver child to plaintiff, defendant has no absolute right to suspensive appeal, even if court of original jurisdiction could grant it, and mandamus to compel grant of such appeal must be denied.

Proceeding for writ of mandamus, on the relation of Charles Vickner and others, to compel grant of suspensive appeal by the judge of the district court, from judgment making writ of habeas corpus absolute in proceeding by state, on relation of Charles Glaser, against relators. Writ denied.

A. T. Higgins, of New Orleans, for relators Vickner and others.

Delvaille H. Theard, of New Orleans, for respondent.

O'NIELL, C. J. This is a mandamus proceeding to compel a judge of the civil district court to grant a suspensive appeal from a judgment making a writ of habeas corpus absolute, and ordering the defendants to deliver over to the plaintiff his five year old child. The child's mother is dead. The defendants, relators in this proceeding, are the maternal grandparents and a maternal aunt of the child.

[1] Although there seems to be no right of appeal from a judgment that does nothing more than to make a writ of habeas corpus absolute, there is a right of appeal from a judgment affecting the custody or care of a child. Section 10 of article 7 of the Constitution declares that this court "shall have appellate jurisdiction of all suits * * * involving the tutorship of minors, * * * or custody of children," etc. The issuing of a writ of habeas corpus in such case does not deprive either party of his or her right to appeal from the final judgment saying who shall have the custody of the child. Prieto v. St. Alphonsus Convent of Mercy, 52 La. Ann. 631, 27 So. 153, 47 L. R. A. 656; Ex parte Ryan, 124 La. 286, 50 So. 161; Tardy v. Carra, 147 La. 98, 84 So. 508; State ex rel. Birch v. Baker, 147 La. 319, 84 So. 796.

[2] Whether the court of original jurisdiction in such case would ever be warranted in granting a suspensive appeal is doubtful. It is sufficient to say that the party against whom the judgment is rendered in such case has not an absolute right to a suspensive appeal, or an appeal which would stay execution of the judgment. State ex rel. Hahn v. King, 109 La. 161, 33 So. 121.

The relief prayed for by the relators is denied at their cost, reserving their right to take a devolutive appeal from the judgment complained of.