(113 So. 370)

No. 28616.

TATE v. TATE.

In re TATE.

May 23, 1927.

*(Syllabus by Editorial Staff.)*

1. **Habeas corpus** &#9758;113(3)—**Rule forbidding appeal from judgment maintaining writ of habeas corpus is inapplicable to judgment determining care or custody of minor child (Const. 1921, art. 7, § 10).**

Under Const. 1921, art. 7, § 10, the general rule that there is no right to appeal from judgment maintaining writ of habeas corpus is not applicable to judgment determining care or custody of minor child, and issuing of writ in such cases is only ancillary proceeding which does not affect right of appeal.

2. **Courts** &#9758;204—**Habeas corpus** &#9758;113(8)—**Appellant cannot, of right, stay execution of order fixing custody of minor child; remedy being to invoke Supreme Court's supervisory jurisdiction.**

Neither party in a suit for custody of a minor child is entitled, as a matter of right, by appealing to Supreme Court, to stay execution of order giving care and custody of child to other party, remedy being to invoke Supreme Court's supervisory jurisdiction, since the child is primarily ward of court having original jurisdiction, and court's orders regarding such care and custody are subject to amendment or reversal by court rendering them.

3. **Habeas corpus** &#9758;3—**Whether children in good faith sent from state by mother should be brought back by habeas corpus should await decision of pending separation suit.**

Where mother, pending hearing on husband's suit for separation, sent minor children from state in good faith for the purpose of securing proper medical and surgical attention at time when court had made no order respecting custody of children, question of whether children should be brought back into jurisdiction of court should await decision of suit for separation, at which time permanent custody of children would be determined.

Original application by Adelaide Thiery Shanley Tate for certiorari, prohibition, and mandamus to restrain the enforcement of a writ of habeas corpus granted to Albert Tate to require petitioner to return her children into the state. Enforcement of order stayed.

Overton & Hunter, of Alexandria, for relator.

R. Lee Garland and W. C. Perrault, both of Opelousas, for respondent.

O'NIELL, C. J. This is one of those lamentable cases of domestic trouble, where the happiness of little children is at stake. The plaintiff and defendant were married seven and a half years ago, and have two children, a boy six and a girl four years of age. Five years after the marriage, the wife sued for a separation from bed and board and got judgment by default. A year and a half afterwards he solicited and effected a reconciliation; but, about a year later, he sued for a separation from bed and board on the ground of intolerable, cruel treatment. The suit was filed last February, was heard in March, argued and submitted on the 5th of April and taken under advisement. The plaintiff prayed in his petition for the care and custody of and the control over the children, and obtained a rule ordering the defendant to show cause why he should not have them in his care and custody during the litigation. In her answer the defendant denied the allegations of cruel treatment on her part, and set up a reconventional demand for judgment in her favor, for separation from bed and board and for the care and custody of the children. There was no previous answer to the rule to show cause, or trial of the rule apart from the trial of the case on its merits. The children, therefore, remained in the care and custody of their mother, and are under her control yet, as far as the orders of the court go.

About a week before the case was submitted for decision, the defendant sent the children, with her mother, to visit her sister

in Ohio. The sister is married to an army officer stationed at Wilbur Wright Field, and has one child, a boy five years of age. It appears that, before this suit arose, the defendant's little girl sustained an accident, causing injury to her leg, and afterwards complained of pains in her side; and the family physician advised an X-ray examination for appendicitis. It was for that reason, and because her means were very limited, that the defendant was urged by her sister—wife of the army officer—to send the children to her, where, because of the army officer's position, the little girl would have the best of medical and surgical treatment, without cost to the parents.

Learning that the children had been sent out of the state, their father, about a week afterwards, that is to say, on the 6th day of last month, filed a petition for a writ of habeas corpus, and obtained a rule on the defendant to show cause why the children should not be forthwith brought back into the state and within the jurisdiction of the district court, where the suit for separation was pending. The defendant filed a plea to the jurisdiction of the court and an exception of no cause or right of action, pleading that she had control over the children, in fact and in law, and did not violate any order or process of the court and was fully justified in sending the children away under the circumstances and for the purpose stated. Answering the rule to show cause, she set forth the facts which we have stated, in justification of her sending the children away; and she offered to bring them back if the plaintiff would defray the expense, which she was unable to pay, and if he would guarantee that the girl would have proper medical and surgical attention and that both children would have a comfortable and suitable place to live in. It developed on the trial of the rule that the plaintiff was willing to pay the expense of bringing the children back within the jurisdiction of the court, by some one deputized by the court, but would not trust his wife or her mother with the money necessary for the purpose. The defendant rejected the offer, saying that her children were not waifs and that she would not allow them to be brought back by a stranger.

After hearing the evidence on the rule to show cause—all of which evidence is before us—the judge gave judgment in favor of the plaintiff, making the writ of habeas corpus peremptory, and commanding the defendant to return the children within the jurisdiction of the court within ten days, there to remain, in her care, but under the paternal authority of the plaintiff, until the question of the right to their custody should be finally determined in the suit for separation then pending. The defendant asked for a suspensive appeal from the judgment, which was refused; whereupon she applied to this court for writs of certiorari, mandamus and prohibition. She prays for a mandamus to compel the judge to grant her a suspensive appeal from his decision, or for a prohibition against his proceeding further in the execution of the decree until the suit for separation and for the permanent custody of the children is decided on its merits.

Answering the alternative writs, or rule to show cause why the relief prayed for by the relator should not be granted, the judge says that the purpose of his decree was merely to restore and maintain the status quo ante regarding the children; and that the decree was only an interlocutory order, which could not cause irreparable injury, and of which, according to the ruling in State ex rel. Glaser v. Vic`ner, 157 La. 521, 102 So. 593, the defendant had no right to stay execution by means of a suspensive appeal.

[1] The general rule that there is no right to appeal from a judgment maintaining a writ of habeas corpus is not applicable to a

judgment deciding who is entitled to the care or custody of a minor child. Section 10 of article 7 of the Constitution 1921 declares that this court "shall have appellate jurisdiction of all suits * * * involving the tutorship of minors, * * * or custody of children," etc. The issuing of a writ of habeas corpus in such cases is only an ancillary proceeding, which does not affect the right of appeal. Prieto v. St. Alphonsus Convent of Mercy, 52 La. Ann. 631, 27 So. 153, 47 L. R. A. 656; Ex parte Ryan, 124 La. 286, 50 So. 161; Tardy v. Carra, 147 La. 98, 84 So. 508; State ex rel. Birch v. Baker, 147 La. 319, 84 So. 796; State ex rel. Glaser v. Vickner, 157 La. 521, 102 So. 593.

[2, 3] Neither party in a suit for the custody of a minor child is entitled, as a matter of right, by appealing to this court, to stay execution of an order giving to the other party the care and custody of the child. That is because the child, in such cases, is primarily the ward of the court having original jurisdiction; and the court's orders regarding the care and custody of the child are subject to amendment or reversal by the court that rendered them. State ex rel. Glaser v. Vickner, supra. The only means for correcting an erroneous order in such cases is for the party complaining to apply to this court for the exercise of its supervisory jurisdiction and control over other courts. Under that authority we have concluded to grant the relator in this case the relief asked for in her prayer for a writ of prohibition. She did not violate any order or process of the court by sending the children to her sister in Ohio, for no order or process as to the temporary care or keeping of the children had been issued when she sent the children away. The evidence shows that she acted in good faith and with good motives in sending the children where the ailing one could have proper medical and surgical attention and where both of them were assured of the kind treatment and love and affection which they needed. There was nothing unreasonable in the mother's rejecting the father's proposal to have the children brought back by a stranger, deputized for the occasion. The only other suggestion as to how the judge's order should be executed was the mother's proposal to bring back the children at the father's expense; which was not unreasonable. The mother should not be subject to a rule for contempt for a failure to comply with the order rendered after she had removed the children from the jurisdiction of the court, not in violation of any previous order or process of the court. Our opinion is that the question whether the children should be brought back into the jurisdiction of the court ought to await the decision of the suit for separation from bed and board and for the permanent custody of the children; which was nearly, if not quite, ready for decision when the order complained of was rendered.

It is therefore ordered that the district court refrain from executing or attempting to enforce the judgment dated the 14th of April, 1927, ordering the relator to bring back her children, until the suit for separation from bed and board and for the permanent custody of the children is decided. The respondent, Albert Tate, is to pay the costs hereof; that is, of the habeas corpus proceedings and of these remedial writs.