**HATTIER v. MARTINEZ.**

No. 36068.

Feb. 3, 1941.

Rehearing Denied March 3, 1941.

Joseph Rosenberg, of New Orleans, for relator.

Bernhardt C. Heebe, of New Orleans, for respondents.

PONDER, Justice.

The relatrix herein, Mrs. Mordest Hattier, wife of John F. Martinez, Jr., having been found guilty of contempt of court applied to us for the writs of certiorari and prohibition which were granted. A rule nisi was issued and the matter is now submitted for determination.

The relatrix was married to John F. Martinez on July 4, 1934. On November 27, 1937, the relatrix separated from her husband. On January 7, 1938, she instituted a suit for separation from bed and board which when tried was dismissed as of nonsuit. The husband and wife became reconciled on June 5, 1938. Sometime after the reconciliation the husband and wife became estranged and the relatrix instituted suit for separation from bed and board on January 31, 1939, asking for the care and custody of their minor child Caroline Anne, then three years of age, and for alimony pendente lite. On this same date the judge of the lower court signed an order giving the temporary custody of the child to its mother and fixed the amount of alimony

to be paid to her. Prior to the filing of the separation suit of January 31, 1939, the respondent husband instituted a habeas corpus proceeding seeking to have the child taken from her mother and placed in his care. The habeas corpus proceeding was tried on February 9, 1939, resulting in the care and custody of the child being awarded to the respondent husband. On appeal to this court the judgment was annulled and reversed and the order of January 31, 1939, granting the provisional care and keeping of the child to the relatrix was reinstated. State ex rel. Martinez v. Hattier, 192 La. 209, 187 So. 551. The suit for separation, filed January 31, 1939, was tried in the lower court on December 6, 1939, and dismissed, and the care, custody, and control of the child was awarded to the respondent husband. On appeal to this court the judgment was reversed and set aside. This court then rendered judgment in favor of the relatrix decreeing a separation a mensa et thoro, and the care, custody, and control of the child was granted to the relatrix, Hattier v. Martinez, 195 La. 473, 197 So. 146. We reviewed therein the efforts made by the relatrix to secure alimony for the support of the minor child, without avail, but in view of the fact that the matter was not brought up in the appeal we did not entertain this question. On July 3, 1940, the lower court upon the trial of rules previously issued, rendered a judgment granting to the respondent, John F. Martinez, Jr., the custody of the minor child on Wednesday of each week from 4 P.M. to 8:30 P.M.; on Saturday of each week from 9 A.M. until 6 P.M.; and every

other Sunday from 9 A.M. until 8 P.M.; and fixed the alimony to be paid by the respondent husband for the support of the child at $2.50 a week. The judgment also condemned the respondent husband to pay $60 in back alimony, permitting it to be made in weekly payments until paid in full. On July 9, 1940, on motion of the respondent husband, a rule was issued ordering the relatrix to show cause on the 5th day of August, 1940, why she should not be adjudged guilty of contempt for violating this order of the court. The minutes of the court show that on three occasions this case was continued and was taken up and tried on December 19, 1940. After trial of the rule the lower court adjudged the relatrix guilty of contempt of court and ordered her to report on January 6, 1941, for sentence. On January 3, 1941, the relatrix applied to this court for the writs of certiorari and prohibition seeking to set aside and annul the judgment of contempt and to prohibit the judge from executing sentence upon her. The writs were granted and a rule nisi issued.

Counsel for the respondent takes the position that a writ of certiorari issued under the supervisory jurisdiction of this court cannot be employed for the purpose of inquiring into the correctness of a judgment when the forms of law have been followed and that we can only pass upon the validity of a judicial proceeding, citing State v. Martin, 48 La.Ann. 1249, 20 So. 729; State ex rel. Brown v. Houston, 35 La.Ann. 1194. Counsel contends that when an application for writs of certiorari, mandamus and prohibition have been applied for by one adjudged guilty of contempt that the only questions we can inquire into are the regularity of the proceedings and the jurisdiction of the lower court, citing Woodard et al. v. Johnson et al., 178 La. 501, 152 So. 65; State v. Broxson, 163 La. 94, 111 So. 611; Perrault v. Edwards, 170 La. 671, 129 So. 125.

The contentions advanced by counsel for the respondent as a general rule are correct but suits involving the custody of children are exceptions to this rule. This court has general supervision over all inferior courts and appellate jurisdiction in cases involving the tutorship of minors or custody of children, Section 10 of Art. 7 of Constitution of 1921. The contempt of court complained of herein is the violation of a judgment dealing with the custody of a child. The contempt proceedings were instituted by the respondent because the relatrix failed to give him the custody of the child in compliance with the judgment of the court. On two other occasions we entertained cases involving the custody of this child. State v. Hattier, supra; Hattier v. Martinez, supra. This contempt proceeding grows out of another contest between the same parties over the custody of this child. The reason we were given appellate jurisdiction by the Constitution in cases involving the custody of children was to give claimants the right to have this court review such matters. The Constitution and laws of this state contain many provisions to protect the interest and welfare of minor children. Their interest and welfare are zealously guarded. In all cases involving such their interest and welfare

must be considered. The relatrix could have appealed from the judgment awarding the partial custody of the child to the respondent but the only means of correcting an erroneous order or judgment in a contempt proceeding, ordinarily not appealable, is for the complaining party to apply to this court for the exercise of its supervisory jurisdiction. The record discloses that the relatrix, on the trial of the proceedings resulting in a judgment awarding the partial custody of the child to the respondent, expressed her willingness for the respondent to have the child at reasonable hours. It is only reasonable to believe this was the reason she did not appeal from the judgment.

In the case of Tate v. Tate, 163 La. 1047, 113 So. 370, 371, in a habeas corpus proceeding involving the custody of a child this court stated:

"The general rule that there is no right to appeal from a judgment maintaining a writ of habeas corpus is not applicable to a judgment deciding who is entitled to the care or custody of a minor child. Section 10 of article 7 of the Constitution 1921 declares that this court 'shall have appellate jurisdiction of all suits * * * involving the tutorship of minors, * * * or custody of children,' etc. The issuing of a writ of habeas corpus in such cases is only an ancillary proceeding, which does not affect the right of appeal. Prieto v. St. Alphonsus Convent of Mercy, 52 La. Ann. 631, 27 So. 153, 47 L.R.A. 656; Ex parte Ryan, 124 La. 286, 50 So. 161; Tardy v. Carra, 147 La. 98, 84 So. 508; State ex rel. Birch v. Baker, 147 La. 319, 84 So.

796; State ex rel Glaser v. Vickner, 157 La. 521, 102 So. 593.

"Neither party in a suit for the custody of a minor child is entitled, as a matter of right, by appealing to this court, to stay execution of an order giving to the other party the care and custody of the child. That is because the child, in such cases, is primarily the ward of the court having original jurisdiction; and the court's orders regarding the care and custody of the child are subject to amendment or reversal by the court that rendered them. State ex rel. Glaser v. Vickner, supra. The only means for correcting an erroneous order in such cases is for the party complaining to apply to this court for the exercise of its supervisory jurisdiction and control over other courts. Under that authority we have concluded to grant the relator in this case the relief asked for in her prayer for a writ of prohibition."

In the case of State v. Hattier, supra [192 La. 209, 187 So. 552], it is stated:

"Mr. Martinez, as respondent in the present proceeding, contends that Mrs. Martinez had a remedy by way of an appeal from the judgment making the writ of habeas corpus peremptory, and hence that this court had no authority to issue a writ of certiorari or prohibition. It is true that the general rule which forbids an appeal from a judgment making a writ of habeas corpus peremptory is not applicable to a case where the writ is employed only as an ancillary proceeding in a contest over the right to the care and keeping of a minor child; but, inasmuch as an appeal in such a case would not stay execution of the judgment, the only

adequate remedy of the party complaining of the judgment is to invoke the supervisory jurisdiction of the supreme court. Tate v. Tate, 163 La. 1047, 113 So. 370."

In the cases of Tate v. Tate, supra, and State v. Hattier, supra, the merits were inquired into under the writ of certiorari and prohibition. In these cases it was recognized that proceedings affecting the custody of children are exceptions to the general rule.

The testimony taken in the contempt proceedings is to the effect that the father called for the child on certain occasions and it began crying and became very much upset. It also shows that the child resisted going with him. Such being the case the relatrix was not willing to force the child to go against its will and would not permit the respondent to take it in its upset condition. From the testimony of the relatrix it appears that she has had little if any education and we seriously doubt she realized her actions might amount to a violation of the judgment of the court. The welfare of the child should be the primary consideration. If the respondent was properly concerned with its welfare it seems that he would not desire to forcibly take the child under these circumstances. In our opinion, under the circumstances of this case, the acts complained of do not constitute the offense of contempt.

Attached to the application for the writ we find the following certificate:

"To Whom it May Concern:

"This is to certify that Caroline Ann Martinez has been under my medical care

since birth. She has been subject to nervous attacks and intestinal upsets. Her recent attacks have occurred after her visits to her father's home, and for the child's health I suggest that she will not be permitted to go to her father's home. The child has been repulsive everytime she has to go over there and as a result of this, she has these nervous attacks.

"Signed: Henry A. La Rocca, M. D.

"Note: I suggest that you consult the child in regards of her going to visit her father."

It is contended we cannot consider this certificate because it was not filed and made a part of the record in the lower court. Be that as it may, the only effect it could have would be to confirm the conclusion we have reached.

Since the suit for separation was filed January 31, 1939, there have been judgments and orders existing in the lower court awarding alimony to the relatrix for the support of this child and the payments thereunder have been extremely trivial. This is relevant only to show the attitude of the respondent. The relatrix has either been kindly disposed toward him or collection of the alimony for some reason or another has not been enforced.

Under the circumstances in this case it would indeed be harsh for this woman to be punished for contempt on a rule issued at the request of the respondent when he has continuously violated and ignored judgments of the court ordering him to pay alimony.

For the reasons assigned, the judgment complained of, of date December 19, 1940,

wherein the relatrix was found guilty of contempt of court, is annulled and set aside and the relatrix is ordered discharged.