137 So.2d 513 (1961)
Warren J. MOITY, Plaintiff-Relator,
v.
Alex MAHFOUZ, Defendant-Respondent.
No. 510.
Court of Appeal of Louisiana, Third Circuit.
November 21, 1961.
Certiorari Denied November 29, 1961.
*514 Warren J. Moity, New Iberia, plaintiff-relator, in pro. per.
Simon & Trice, By: J. Minos Simon, Lafayette, for defendant-respondent.
Before TATE, FRUGE, SAVOY and HOOD, JJ.
PER CURIAM.
The relator was convicted of contempt for making immaterial and scandalous allegations in pleadings filed in connection with a civil suit for judgment upon a note for $308. He was sentenced to serve ten days in the parish jail under the provisions of LSA-R.S. 13:4611. He has applied to this court's supervisory jurisdiction for relief.
The general rule is that a conviction for contempt is not appealable in the absence of a constitutional or statutory provision for review, the court of record being the exclusive judge of a contempt committed against its authority and dignity. In Louisiana, there being no such general legislative provision, an appeal does not ordinarily lie from a judgment of contempt, the appropriate remedy to review the validity of the contempt proceedings being to apply to the general supervisory jurisdiction of the Supreme Court.
See: Hattier v. Martinez, 197 La. 121, 1 So.2d 51; State ex rel. Dowling v. Ray, 150 La. 1030, 91 So. 443; White v. Louisiana & Arkansas Ry. Co., La.App. 1 Cir., 94 So.2d 95. See also: Note, "ContemptRemedy of RespondentSupervisory Power of the Supreme Court", 17 Tul.L.Rev. 655 (1943).
Further, even though the case within which the contempt is committed is appealable, the appellate court with jurisdiction of the appeal on the merits does not have appellate jurisdiction of the contempt proceeding, the latter being regarded as an independent proceeding. State ex rel. DeBuys v. Civil Sheriff of Parish of New Orleans, 32 La.Ann. 1225; In re Lindner, 5 Orl.App. 121; cf., White v. Louisiana & Arkansas Ry. Co., above cited.
Since no appeal lies to this court from the conviction for contempt, we do not have supervisory jurisdiction to review its validity, for the 1958 amendment conferring supervisory jurisdiction upon the courts of appeal specifically limited such jurisdiction to "cases in which an appeal would lie to the court of appeal" in question. La. Constitution, Art. VII, Section 29, as amended by Act 561 of 1958, LSA.
The application for supervisory writs is therefore denied.
Writs denied.