AYRES, Judge.
Upon a finding that respondent had violated an injunction prohibiting his interference with the employees of the Division of Weights and Measures of the Department of Agriculture and Immigration of the State of Louisiana in making an inspection of merchandise offered for sale in his grocery and the testing of scales used in connection with the weighing of such merchandise, respondent was adjudged in contempt of the authority of the court and was, accordingly, sentenced to be incarcerated in the parish jail for a period of six months. Notwithstanding this sentence was sus *433 pended during good behavior, respondent nevertheless applied for and was granted orders of appeal to this court.
Relator contends, in a motion to dismiss, that no appeal lies from a judgment imposing a sentence for contempt of court. This contention is well-founded. The rule well established in the jurisprudence of this State is that a- conviction and sentence of contempt are not appealable in the absence of a constitutional or statutory provision for such review. State ex rel. Farmer v. Judge Parish Court, 31 La.Ann. 116 (1879); State ex rel. Dowling v. Ray, 150 La. 1030, 91 So. 443 (1922); City of Gretna v. Rossner, 154 La. 117, 121, 97 So. 335, 336 (1923); State ex rel. Milling v. Louisiana Public Service Commission, 154 La. 752, 98 So. 175, 179 (1923); Hattier v. Martinez, 197 La. 121, 1 So.2d 51 (1941); White v. Louisiana & Arkansas Railway Company, 94 So.2d 95, La.App., 1st Cir. 1957; Moity v. Mahfouz, 137 So.2d 513, La.App., 3d Cir. 1961 (certiorari denied).
Our attention has been directed to no such constitutional or statutory provision, and we know of none. Therefore, we conclude that an appeal does not lie from a judgment of contempt and from the sentence imposed thereon.
We were, however, reminded that, under LSA-C.C.P. Art. 3612,
“An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, * * (Emphasis supplied.)
This authority is without application. The judgment directing the issuance of the injunction has long since become final. No issue relating to or attacking the injunction is presented on this appeal — nor could it be — only concerned is the judgment of conviction and sentence imposed* for a violation of the injunction.
 A review of the validity of contempt proceedings may, however, be had through appropriate application for the exercise of the general supervisory jurisdiction of the proper court. Accordingly, respondent, in the alternative, has prayed, in his opposition to the motion to dismiss the appeal, that his opposition, together with the record as now before the court, be considered as an application for supervisory writs. In the absence of a compliance with the appropriate statutory provisions and rules of court, this informal request may not be accorded the effect of such an application.
The appeal, for the reasons assigned, is dismissed at respondent’s cost.
Appeal dismissed.