199 So.2d 426 (1967)
The ADVERTISER, DIVISION OF the INDEPENDENT, INC., Plaintiff-Appellee,
v.
Charles B. TUBBS et al., Defendants-Appellants.
No. 2064.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1967.
Rehearing Denied June 7, 1967.
Dragon & Kellner, by Robert Dragon, Jr., Lafayette, for defendants-appellants.
William E. Logan, Lafayette, for plaintiff-appellee.
En Banc.

ON MOTION TO DISMISS
FRUGÉ, Judge.
Charles B. Tubbs seeks to appeal from a judgment holding him in contempt of court for failing to comply with an order compelling answers to written interrogatories propounded by the opposing party (see C.C. P. Arts. 1511 through 1513 and Art. 1491). In addition to holding him in contempt, the judgment required that Charles B. Tubbs answer the interrogatories, and awarded the opposing party $50.00 as attorney's fees. The opposing party filed a motion to dismiss the appeal, based upon the proposition that no appeal may be taken from a judgment of contempt.
We view the mover's contention as well founded. The rule is well established in our jurisprudence that a judgment holding one party in a lawsuit in contempt of court is not a judgment from which an appeal may be taken in the absence of some constitutional or statutory provision allowing such review. Pearce v. Dozier, 181 So. 2d 432 (La.App. 2d Cir. 1965); Weaver v. Weaver, 181 So.2d 61 (La.App. 1st Cir. 1965); Moity v. Mahfouz, 137 So.2d 513 (La.App. 3d Cir. 1961) and authorities cited therein.
*427 Likewise, neither that portion of the judgment compelling further answers to the propounded interrogatories nor the order compelling payment of attorney's fees in connection with the contempt rule is appealable, for these orders are either interlocutory,[1] or a necessary adjunct to the unappealable judgment of contempt.[2]
To impede the progress of litigation by granting an appeal whenever statutory enforcement provisions of the discovery devices are invoked seems to us a policy most unwise, for the every purpose of discovery devices is to reduce the delays inherent in the enforcement and defense of legal rights. Appellant's remedy, an application to this court for supervisory writs, affords him speedy and ample protection against oppressive or unreasonable sanctions which may be imposed by the lower court during pretrial production of evidence.[3]
Being therefore of the opinion that the judgment appealed from in the instant case is one which, under our statutes and jurisprudence, is not appealable, we hereby dismiss the defendant's appeal at his cost.
Appeal dismissed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] See C.J.S. verbo Appeal and Error, § 120D; Barron & Holtzoff, Federal Practice and Procedure, § 657 (Wright ed.).
[2] See White v. Louisiana & Arkansas Ry. Co., 94 So.2d 95 (La.App. 1st Cir. 1957), where the court, in a case factually similar to the instant suit, dismissed as un-appealable a judgment of contempt involving an award of attorney's fees. Cf. Anderson v. Southern Consumers' Education Foundation, Inc., 196 So.2d 686 (La. App. 3d Cir. 1967), where we indicated that under C.C.P. Arts. 2083 and 1841 a judgment directing a party to answer propounded interrogatories and compelling that party to pay reasonable attorney's fees in connection with the trial of the rule was a non-appealable interlocutory judgment.
[3] Although there are many court of appeal cases stating that the application for supervisory writs in such a situation should be made to the Supreme Court, our Supreme Court has recently indicated that such is not the case and that the courts of appeal may properly exercise their supervisory jurisdiction in cases where the trial courts have exceeded their discretion. See Moity v. Mahfouz, 242 La. 625, 137 So.2d 514 (1961); Tolbert v. Thomas, 245 La. 200, 157 So.2d 737 (1963); see also The Work of the Louisiana Appellate Courts for the 1961-1962 Term, 23 La.L.Rev. 239, 395 (1963); Tate, Supervisory Powers of the Louisiana Courts of Appeal, 38 Tul.L.Rev. 429, 432 (1964).