ON REHEARING
GLADNEY, Judge.
We granted alternate writs of mandamus, prohibition and certiorari to inquire into the validity of a sentence for contempt, and ordered all proceedings stayed pending our decision. Mrs. Gallagher, the relatrix in those proceedings, at about the same time perfected an appeal from a judgment rendered in the same case dismissing a rule separately requested by both plaintiff and defendant to have the court prescribe more specifically the times, places and circumstances under which the father, James Albert Gallagher, might visit with his children, the custody of whom had been given to the mother, Jo Ann Joris Gallagher. Both parties appealed. After consideration of the application of relatrix for alternate writs (No. 10,973) and the appeals (No. 10,993), decisions were handed down on April 2. In No. 10,973 for the reasons expressed in Moity v. Mahfouz, La.App., 137 So.2d 513 (3rd Cir. 1961); 242 La. 625, 137 So.2d 514 (1961) writs denied, we declined to exercise our supervisory jurisdiction to review the validity of the contempt proceeding. In No. 10,993 (the appeals) our decree reversed the judgment complained of, directed the trial court to schedule visitation privileges by the trial court and remanded the case for further proceedings consistent with such expressed views.
*283 Counsel for Mrs. Gallagher in No. 10,973 timely applied for and was granted a rehearing, earnestly contending that our decision in No. 10,993 does not have the effect of resolving the issue presented in the writ case and that Mrs. Gallagher is left facing a sentence for contempt.
The legal issue so presented stated in simple terms is whether, vel non, this court may exercise its supervisory jurisdiction over the contempt proceedings in the case at bar.
Prior to the amendment of Article 7' § 29, as amended, (Acts 1958, No. 561, adopted November 4, 1958) the Supreme Court alone could exercise its supervisory jurisdiction in a similar case. The 1958 amendment, however, provided:
“Each court of appeal has supervisory jurisdiction, subject to the general supervisory jurisdiction of the Supreme Court, over all inferior courts in all cases in which an appeal would lie to the court of appeal." (Emphasis added.) [LSA-Const. Art. 7, § 29]
Moity v. Mahfouz, La.App., 137 So.2d 513 (3rd Cir. 1961) appears to be the only appellate decision that has considered the question. In denying the application for supervisory writs the court ruled:
“Since no appeal lies to this court from the conviction for contempt, we do not have supervisory jurisdiction to review its validity, for the 1958 amendment conferring supervisory jurisdiction upon the courts of appeal specifically limited such jurisdiction to ‘cases in which an appeal would lie to the court of appeal’ in question. La. Constitution, Art. VII, Section 29, as amended by Act 561 of 1958, LSA.” [137 So.2d 514]
The Supreme Court refused writs therein on the ground that the errors complained of did not justify it in exercising its supervisory jurisdiction. Notwithstanding the denial of the application it added to its ruling the following caveat:
“ * * * By denying this application for writs we are in no way approving of the holding of the Court of Appeal that it is without supervisory jurisdiction * * *”. [137 So.2d 514]
This pronouncement of the Supreme Court strongly implies its disapproval of the ruling of the appellate court. In the February 1963 issue of the Louisiana Law Review [Vol. 23, p. 378, 394 and 395] the late Henry G. McMahon took the position that in Moity v. Mahfouz the court of appeal should have exercised its supervisory jurisdiction, with the following assertion:
“It is believed that the Supreme Court’s reasons for questioning this decision of the court of appeal are completely valid. The grant of supervisory jurisdiction to the intermediate appellate courts was intended to be as broad as their appellate jurisdiction; and if any court of appeal would have appellate jurisdiction over the final judgment in any case, it has supervisory jurisdiction to review any order or action of the trial court in that case, regardless of connexity with the merits of the case. Any other construction of the constitutional provision would not only render the supervisory jurisdiction of the intermediate appellate courts shadowy and uncertain, but would serve to defeat the purpose of that grant of supervisory jurisdiction.” [23 La.L.Rev. p. 395]
Later Judge Albert Tate, Jr. in the April, 1964 issue of the Tulane Law Review, Vol. 38, pp. 428, 431, 432, agreed with the interpretation of McMahon, writing:
“The Supreme Court’s supervisory jurisdiction extends to all judicial proceedings. However, the constitution limits supervisory jurisdiction of the courts of appeal only to those cases ‘in which an appeal would lie’ to them. A court of appeal held that, because of this constitutional limitation, it could not exercise supervisory powers with regard to a contempt conviction over which the intermediate court did not have appellate jurisdiction, even though the conviction *284 occurred within a civil suit over which the court of appeal did have jurisdiction — however, the Supreme Court indicated disapproval of this holding. The correct interpretation of this constitutional limitation, therefore, is probably as noted by Dean Henry George McMahon. * * * ” [38 Tulane Law Review, pp. 428, 431, 432]
Consistent with the views above expressed, we are of the opinion we should have accepted jurisdiction herein and resolved the validity, vel non, of the proceedings convicting Mrs. Gallagher of contempt.
Accordingly, our prior decree herein is recalled and vacated. The judgment of the trial court rendered on November 30, 1967 decreeing Jo Ann Joris Gallagher guilty of contempt and the sentence therefor imposed is hereby declared to be null and void and without effect. Costs of these proceedings are assessed against the respondent in the writ, James A. Gallagher.