LeSUEUR, Judge.
Mrs. Marlene Doiron Duhon, appellee herein, filed a petition seeking a separation from bed and board from her husband, Eugene P. Duhon. The petition for separation included a prayer for a rule nisi ordering the defendant-husband to show cause why he should not be condemned to pay petitioner alimony for the support of the minor children born of the marriage, in an amount to be fixed by the court, during the pendency of the proceedings, and why she should not be granted the custody of those children.
On July 25, 1966, the rule was made absolute and a consent judgment rendered granting to the plaintiff the care, custody and control of the minor children. The judgment further provided:
“That defendant, EUGENE P. DUHON, be and he is hereby ordered to pay to plaintiff, for the support and maintenance of said minor children the sum of $50.00 on July 29, 1966, $50.00 on August 5, 1966, and $100.00 on August 15th, 1966, and $100.00 on each 1st and 15th day of each succeeding month, pending further orders of the Court.”
No answer was filed by the defendant-husband. On June 28, 1967, the judgment of separation was granted to the plaintiff confirming the preliminary default previously taken. This judgment made no provision for the payment of alimony for child support.
*547 The record reflects that the defendant-husband paid the sum of $100.00 on the 1st and 15th of each month until February 1, 1968, at which time he reduced his payments to the sum of $60.00 per month. The plaintiff-wife then filed a rule to show cause why he should not be held in contempt of court for his failure to pay the full amount of alimony as provided in the judgment of July 25, 1966. Judgment was rendered by the trial court on May 10, 1968, finding the defendant, Eugene P. Duhon, guilty of contempt of court, and it is from this judgment that he has appealed.
We first address ourselves, ex proprio motu, to the question of whether the judgment of the lower court is appealable.
In Pearce v. Dozier, 181 So.2d 432 (La.App. 2nd Cir. 1965), the court reviewed the jurisprudence on the appealability of a judgment of contempt and held that:
“ * * * The rule well established in the jurisprudence of this State is that a conviction and sentence of contempt are not appealable in the absence of a constitutional or statutory provision for such review. State ex rel. Farmer v. Judge of Parish Court, 31 La.Ann. 116 (1879); State ex rel. Dowling v. Ray, 150 La. 1030, 91 So. 443 (1922); City of Gretna v. Rossner, 154 La. 117, 121, 97 So. 335, 336 (1923); State ex rel. Milling v. Louisiana Public Service Commission, 154 La. 752, 98 So. 175, 179 (1923) ; Hattier v. Martinez, 197 La. 121, 1 So.2d 51 (1941) ; White v. Louisiana & Arkansas Railway Company, 94 So.2d 95, La.App., 1st Cir. 1957; Moity v. Mahfouz, 137 So.2d 513, La.App., 3d Cir. 1961 (certiorari denied).
“Our attention has been directed to no such constitutional or statutory provision, and we know of none. Therefore, we conclude that an appeal does not lie from a judgment of contempt and from the sentence imposed thereon.”
The same conclusion also has been reached in the recent cases of: Weaver v. Weaver, 181 So.2d 61 (La.App. 1st Cir. 1965); Advertiser, Division of the Independent, Inc. v. Tubbs, 199 So.2d 426 (La.App. 3rd Cir. 1967); and Gallagher v. Gallagher, 212 So.2d 281 (La.App. 2nd Cir. 1968).
From the foregoing authorities, it is manifest that the judgment complained of is not appealable and the appeal taken by defendant is, therefore, dismissed. Appellant is to bear the costs of appeal.
Appeal dismissed.