BRUNOT, J.
 

 This is a suit upon an accident insurance policy: The plaintiff is the widow and beneficiary of the insured, who was accidentally killed May 29, 1923. A judgment was rendered in favor of the plain
 
 *1017
 
 tiff for $5,000 with 5 per cent, per annum interest thereon from June 10, 1923, until paid, and for costs of the suit. Prom this judgment defendant appealed.
 

 The plaintiff sued for double indemnity, interest, and attorneys fees, under the provisions of Act 310 of 1910, and the alternative prayer of the petition is for the principal sum with 6 per cent, per annum interest from June 10, 1923. Plaintiff has not answered the appeal or asked for an amendment of the judgment.
 

 The answer admits that defendant’s husband was accidentally killed; that plaintiff is the beneficiary named in the policy; and that defendant is indebted to, and has offered to pay, the plaintiff $3,222.22, which, it alleges, is the extent of its liability under the provisions of its contract.
 

 The insured was a jeweler. He was classified as such, and was insured under that classification, which is a less hazardous occupation than that of volunteer fireman. He was killed by coming in contact with a live electric wire while aiding in fighting a fire in the town in which he resided. An agreed statement of facts was filed by counsel, in this court, in which the following admissions are made:
 

 “It is admitted that members of voluntary fire departments are classified by the defendant, the Massachusetts Protective Association, as being more hazardous than that of a jeweler, and are rated and insured by defendant as set forth in article 15 of its answer herein; that the rate paid for insurance by members of a paid fire department in cities was $22.50 and. the rate paid by jewelers was $14.50 as set out in said article 15; that plaintiff’s husband was aiding in holding the nozzle of a water hose when killed, one of the acts usually performed by a member of a voluntary or paid fire department in cities, an occupation classified by defendant as more hazardous than that of jeweler.”
 

 The policy sued upon declares that it is issued subject to the provisions and limitations contained in it. One of the standard provisions of the policy is as follows:
 

 “This policy * * * contains the entire contract of insurance except as it may be modified by the association’s classification of risks and premium rates in the event that the insured is injured or contracts sickness after having changed his occupation to one classified by the association as more hazardous than that stated in the policy,
 
 or while he is doing any act or thing pertaining to any occupation so classified,
 
 except ordinary duties about his residence or while engaged in recreation,
 
 in which event the association will pay only such portion of the indemnities provided in the policy as the premium paid would have purchased at the rate but within the limits so fixed by the association for such more hazardous occupation.”
 
 (Underscoring by the court.)
 

 The facts of the case are not disputed. Counsel for plaintiff seem to rely upon the circumstances under which the insured came to his death. In their brief, pages 4, 5, they say:
 

 “Under different circumstances there possibly would have been no dispute. Had Mr. Cowley received his injuries while fighting a fire in some section of the town remote from his business, whether as a member of a voluntary fire department or not, defendant’s contention would possibly have been conceded.”
 

 Their contention is, as we understand it, that the insured was engaged in protecting his property when he was killed, and, in doing so, he was performing an act within the scope of his occupation as a jeweler. Whether or not this contention be sound is a question we are n'ot n,ow called upon to decide, for the testimony shows that the location of the fire the insured was engaged in fighting when he was killed was approximately 500 feet, on a direct line, from his place of business, and about 850 feet around the block. The fire occurred in the Mansfield Steam Laundry on Jefferson street, which is located on a lot approximately 500 feet south of the intersection of Jefferson and Polk streets, and the insured’s place of business is located on Polk street, approximately 350 feet west of that intersection.
 

 Under these circumstances we cannot conceive of a satisfactory reason for holding that
 
 *1019
 
 the insured was engaged in performing an act pursuant to his occupation as a jeweler when he was killed.
 

 For these reasons we think the plaintiff is entitled to recover only such an amount of indemnity as the premium paid would have purchased for such more hazardous occupation. It is therefore ordered and decreed that the judgment appealed from be amended by reducing the principal sum thereof from $5,-000 to $3,222.22, with interest thereon at the rate of 5 per cent, per annum from June 10, 1923, until paid, and, as thus amended, that it be affirmed; appellee to pay the costs of the appeal.