O’NIEDD, C. J.
 

 ' This is a proceeding to set aside a conviction and sentence for contempt of the authority of the juvenile court for the parish of Caddo. The relator, Da Rowe, resides in Shreveport, in a large house in which he and his’ wife conduct a refuge for unmarried girls who are about to become mothers. Da Rowe says that the institution is supported by contributions made by benevolent citizens of Douisiana and other states. Whether the institution is a desirable or an undesirable one in the community is not an issue in this case. The judge of the juvenile court received a verbal complaint, perhaps a telephone message, that a girl under the age of seventeen years, and with a newborn baby, was being detained in Da Rowe’s establishment against her will. Da Rowe contends that the girl was' nineteen years of age, and that he had instructions from her parents to forbid any one to visit her except her physician. The judge of the juvenile court, on the complaint which he had received, gave verbal instructions to the probation officer to make an investigation. She called at the Da Rowe residence, or establishment, in company with another woman, and asked for permission to investigate the premises and to see the girl, as to whom the complaint had been made. Da Rowe refused to allow the probation officer to see the girl. The officer did not have any warrant or written evidence of authority to enter the house. She returned to the juvenile court, therefore, .and reported to the judge that Da Rowe had refused to allow her to enter the house. The judge forthwith sent a deputy sheriff, with an order or a rule on Da Rowe to show cause on that day why he should not be punished for being in contempt of the authority of the court. Accordingly, Da Rowe was arrested immediately, and, on the same day, was brought into court and found guilty of being in contempt of the authority of the court, and was sentenced to pay a fine of $25 and to serve a term of five days’ imprisonment in the parish jail.
 

 According to section 11 of Act No. 30 of 1924, creating the juvenile court for the parish of Caddo, all proceedings against neglected or delinquent children shall be by affidavit, made before the clerk of the court or a committing magistrate, by a reputable person, setting forth .briefly and in general terms the facts constituting the neglect or delinquency of the child; and, on the filing of such an affidavit, the judge of the juvenile court is required to issue a summons to the person hav
 
 *855
 
 ing the child in his care or custody. According to section 13 of the statute, proceedings against adults accused of contributing to the neglect or delinquency of a child shall be by affidavit or by bill of information or indictment.
 

 Considering that there was no proceeding instituted, by affidavit or by bill of information or indictment, in this ease, and considering that the probation officer had no warrant of authority to enter La Rowe’s residence, or establishment, La Rowe did not subject himself to punishment for contempt of the authority of the juvenile court, by refusing to allow the probation officer to enter the house. La Rowe did not thereby violate an order of the juvenile court, because no such order had been issued. See Tate v. Tate, 163 La. 1017, 113 So. 370.
 

 The conviction and sentence are annulled, and the defendant is ordered discharged.