348 So.2d 1004 (1977)
Franklin J. and Theo Elaine Benedict TRAINOR, Plaintiffs-Applicants,
v.
Bennett H. YOUNG and Hartford Accident and Indemnity Company, Defendants-Respondents.
No. 13304.
Court of Appeal of Louisiana, Second Circuit.
June 22, 1977.
Rehearing Denied, August 29, 1977.
Writ Refused November 4, 1977.
*1005 Burnett, Sutton, Walker & Callaway by Ronald D. Smith, Shreveport, for plaintiffs-applicants.
Cook, Clark, Egan, Yancey & King, by Sidney E. Cook, Shreveport, for defendants-respondents.
Before BOLIN, MARVIN, and JONES, JJ.
Rehearing En Banc, Denied, August 29, 1977.
BOLIN, Judge.
Plaintiffs filed a medical malpractice suit against Dr. Young and his insurer. Writs were issued in order to decide whether the trial court erred in ordering plaintiffs to answer pretrial interrogatories identifying a physician from whom plaintiffs' attorney had sought advice in preparing this suit. We find the trial court erred.
Suit was filed on October 1, 1976, and on November 9th, defendants filed interrogatories to be answered by plaintiffs. For disputed reasons plaintiffs failed to timely answer the interrogatories, and on April 13, 1977, the district judge ordered plaintiffs to show cause why answers should not be filed by April 25th or have their suit dismissed.
On April 21st, plaintiffs answered all interrogatories except a question requiring plaintiffs to name any physician from whom they had sought advice even though this physician would not be called as a witness. Plaintiffs stated in their answer to the motion to dismiss that they had sought the opinion of a physician in the Shreveport-Bossier area solely for the purpose of ascertaining the merits of a possible lawsuit; that this physician had been assured that he would not be called as a witness and that his name would not be disclosed.
On April 26th, plaintiffs filed a motion for a protective order decreeing that the information sought from the unnamed physician was not discoverable and that they be relieved from disclosing his identity. The court denied plaintiffs' protective order which meant that the suit would be dismissed within ten days unless plaintiffs revealed the identity of the doctor. From this ruling plaintiffs sought and were granted writs.
Interrogatories may relate to any matters which may be inquired into by other discovery procedures. Louisiana Code of Civil Procedure Article 1458. The scope of discovery pertinent to this case is set forth in La.C.C.P. Articles 1422 and 1425.[1] We find *1006 the identity of the physician was not discoverable because: (1) Since he was not to be used as a witness and his advice was sought to determine whether a suit should be filed, his identity was not relevant (La.C. C.P. Article 1422); and (2) assuming the identity of the doctor was relevant, there was no showing of exceptional circumstances as required under Article 1425.
For a summary of the recent discovery procedures, see Maraist, Recent Changes in Louisiana Discovery Law: An Analysis of Act 574 of 1976, 24 La. Bar Journal 161 (1976).
Defendants contend plaintiffs waived any objection to the interrogatories by failing to timely object to the relevancy of the questions, citing La.C.C.P. Article 1458. The cited article does not provide that failure to timely object will constitute a waiver. To the contrary, it provides, "The party submitting the interrogatories may move for an order under Article 1469 with respect to any objection to or other failure to answer an interrogatory." Article 1469 sets up the procedure for compelling a party to answer interrogatories. As previously stated, defendants filed a motion to compel plaintiffs to answer the interrogatories and prior to the return date of the rule to show cause plaintiffs answered, and also filed a motion for a protective order pursuant to C.C.P. Article 1426. Under the facts of this case we find plaintiffs did not waive their right to object to the interrogatories.
The order of the trial court denying plaintiffs' motion for a protective order is reversed and it is now ordered that plaintiffs be relieved of furnishing the name and address of the physician or otherwise furnishing the information sought in interrogatory No. 2. The writs previously issued are perpetuated at respondents' cost.
NOTES
[1] Art. 1422.

* * * * * *
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
Art. 1425.
Discovery of facts known by experts, otherwise discoverable under the provisions of Article 1422 and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
(1)(a) A party may through interrogatories or by deposition require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts to which the expert is expected to testify. (b) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to Paragraph (3) of this Article, concerning fees and expenses as the court may deem appropriate.
(2) A party may discover facts known by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Article 1465 [not applicable in this case] or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts on the same subject by other means.
(3) Unless manifest injustice would result, the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under Paragraphs (1)(a) and (2) of this Article; and with respect to discovery obtained under Paragraph (1)(a) of this Article the court may require, and with respect to discovery obtained under Paragraph (2) of this Article the court shall require, the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts from the expert.